The errors assigned in this case are-—
First — That in the record and proceedings, and also in the giving* judgment, there is manifest error in this — That the declaration and proceedings and the matters therein contained are not sufficient in Jaw, for the plaintiff below to have and maintain his action against the defendant.
Secondly — There is error in this that by the record, it appears, that the suit at law was revived by sci. fa. against the present plaintiffs in error, as administrator of the administrators of William Pool deceased, and not as administrator, de bonis non of said William Pool.
Thirdly — There was no issue made up in the court below, and Fourthly — It does not appear, that a judgment by default was taken, and a writ of enquiry thereupon awarded.
*87 From an an inspection of of the record in this case, we find the facts stated in the assignment of errors to be true. Are they sufficient in law to reverse the judgment of the court below? By a reference to the authorities, I find it is said, that if a person dies intestate, and administration is granted to A. B. who dies without having administered all the intestate’s goods, in this case, the ordinary must grant administration of the goods unadministered to another; for the first administrator cannot continue the trust reposed in him to his executor or administrator, because he has no interest, but what he derives from the act of the ordinary, 3d Bacon’s Abr’gt English edition, title executors and administrators, page 19 Rolls. Abr’gt. 907. And the same principle seems to he recognized in other authorities.
It also appears from the record, that there-was no issue made up in the court below, nor was there a judgment by default taken, or a writ of en-quiry awarded, prerequisites which were necessary, in order to authorize the court to call to its assistance a jury to pass upon the rights of the parties. From this view of the case, it seems to me, the regular course for the plaintiff below would have been, to have revived the suit in the name of an administrator de bonis non, of William Pool deceased, before he could have regularly taken his judgment, as this was hot done, the proceedings must be held as irregular, and as well upon this, as the latter ground taken by the plaintiffs in error, the judgment of the court below must be reversed, and a venire facias de novo awarded